## JAMES HILL v. STATE.

No. A-4045.   Opinion Filed June 16, 1923.

(215 Pac. 1077.)

(Syllabus.)

**Forgery—Evidence Sustaining Conviction.** In a prosecution for forgery, evidence held sufficient to support the verdict and judgment of conviction.

Appeal from District Court, McCurtain County; E. F. Lester, Special Judge.

James Hill was convicted of forgery, and he appeals. Affirmed.

Jeff D. McLendon, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  In the information in this case, James Hill was charged with having forged an instrument in words and figures as follows:

"Idabel, Okla., March 23, 1920.
"The First National Bank.
"Pay to the order of Henry Clay, $47.00 forty-seven dollars.

G. W. Simpson"

Indorsed: "Henry Clay."

And upon his trial he was convicted and his punishment fixed at imprisonment in the penitentiary for the term of five years.  He has appealed from the judgment rendered on the verdict, but no brief in support of the assignments of error has been filed, and the cause was submitted on the record and the oral argument of counsel for appellant.

The errors assigned are:

"That the verdict was contrary to the law and the evidence; that there is a variance between the information and the proof, in this, that the evidence shows no other crime than uttering a forged instrument; and misconduct of the assistant county attorney in his argument to the jury by commenting on the failure of the defendant to testify."

The facts in this case are these: The defendant presented the check for payment at the First National Bank, of Idabel, the teller went to compare the signature, and when he returned to the window the defendant was gone.

The cashier of the bank testified that he knew the defendant and was in the lobby of the bank when the defendant presented the check for payment; that the teller called him back and asked him about the check, and while they were discussing the check the defendant left the bank.

G. W. Simpson testified that the signature on the check was not his; that it was a forgery; that he knew the defendant and did not authorize him to sign said check.

After identifying the check and showing the circumstances under which the defendant tried to cash it, the state offered it in evidence.

There was no testimony offered on the part of the defense.

Where there is any substantial testimony to show the defendant's guilt of the offense charged against him, the sufficiency of the evidence to support the verdict will not be considered by this court. We think the testimony, without any doubt, is ample to sustain the conviction. Obviously there was no variance between the information and the proof.

The remaining assignment of error is not sustained by the record.

There being no reversible error in the record, the judgment of the trial court is affirmed.

MATSON, P. J., and BESSEY, J., concur.