GRAND JURY PETITION SIGNOR — QUALIFIED ELECTOR Under Article II, Section 18 Oklahoma Constitution as amended, a person signing a grand jury petition is required to be a "qualified elector", as defined in Article III, Section 1 Oklahoma Constitution. Article III, Section 1 of the Oklahoma Constitution defines "qualified elector", but no requirement for registration is embodied in the definition. S. J. R. 41, which expressed the Legislature's intent that such signers be registered voters, is ineffective insofar as it purports to direct or control judicial interpretation or construction of Article II, Section 18 of the Constitution, as amended, and can in no event have retroactive or retrospective application. The Attorney General has had under consideration your letter in which you advise and inquire in effect, as follows: On March 16, 1970, the Governor signed Enrolled Joint Resolution No. 41 relating to construction of Article II, Section 18 of the Constitution of the State of Oklahoma, as amended by State Question No. 457, Legislative Referendum No. 170, adopted at the special election held August 27, 1968. We will appreciate the assistance of your office in answering the following questions: 1. What effect does Senate Joint Resolution No. 41 have insofar as it attempts to define the legislative intent relative to the judicial construction of the constitutional amendment? 2. Does said resolution have the legal effect of construing Article II, Section 18 of the Constitution to require the signing of a grand jury petition by registered voters of the county? 3. If No. 2 is answered in the affirmative, must the signatures be identical with their signatures as they appear on the official registration list of the County Election Board? 4. If Senate Joint Resolution No. 41 is construed as supplementing the above constitutional provisions by requiring additional qualifications of signers, does it apply to grand jury petitions filed in the district court before the passage of said Senate Joint Resolution? 5. Can the Legislature, by means of a joint resolution, construe or supplement a constitutional designation as to who is qualified to sign a grand jury petition, or is the legislative intent as expressed by said joint resolution merely evidence to be considered by the courts in making a judicial determination of the legislative intent as expressed in the constitutional amendment? 6. Must a person be registered to vote in order to be a "qualified elector"? 7. If the answer to No. 6 is in the negative how does the Judge determine whether the signers are "qualified electors"? The provisions of Article II, Section 18 Oklahoma Constitution as amended by Legislative Referendum No. 170, adopted August 27, 1968, provides in relevant part that: "A grand jury shall be convened . . . upon the filing of a petition therefor signed by qualified electors of the county . . . ." (Emphasis added) Article III, Section 1 of the Oklahoma Constitution, provides in pertinent part: "Qualified electors of this State shall be citizens of the United States, citizens of the state, including persons of Indian descent (native of the United States), who are over the age of twenty-one years and who have resided in the state at least six months, in the county two months, and in the election precinct twenty days next preceding the election at which such elector offers to vote. . . ." Senate Joint Resolution No. 41 provides in part: "1. That, insofar as Article II, Section 18, of the Constitution of the State of Oklahoma, as amended by State Question No. 457, Legislative Referendum No. 170, at a special election held August 27, 1968, is concerned, the language 'signed by qualified electors' is hereby construed to be, and shall be so adjudged, to require the signing of a grand jury petition by registered voters of the county involved, as their signatures appear on the official registration list of the county election board of said county. "2. That the legislative intent relative to Article II, Section 18 of the Constitution of the State of Oklahoma, as amended by State Question No. 457, Legislative Referendum No. 170, at a special election held August 27, 1968, is hereby declared to be as expressed in Section 1 of this Resolution." S.J.R. 41, by virtue of its language, the tense in which it is expressed, its general tenor and the use of the emergency clause therein, is not to be retroactively or retrospectively construed. In Board of Trustees of Firemen's Relief and Pension Fund of City of Tulsa, et al. v. Naughton, et al. 197 Okl. 592, 173 P.2d 425
(1946), the court observed, at page 593: "It is generally held that statutes are presumed to operate prospectively, and words ought not to be given a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise satisfied, and that in case of doubt the doubt should be resolved against the retrospective effect. Franklin v. Sovereign Camp W.O.W., 145 Okl. 159,291 P. 513; State v. Ward, 189 Okl. 532, 118 P.2d 216." To the same effect, see Good et al. v. Keel et al. 29 Okl. 325,116 P. 777. In Board of Commissioners, Wyandotte County v. General Securities Corporation, 157 Kan. 64,138 P.2d 479, the Supreme Court of Kansas held in the body of its opinion, at page 481, that a bill enacted by the Legislature which purported to declare the meaning of another statute enacted by a prior Legislature: ". . . is unconstitutional as an encroachment of judicial powers in that it purports to direct the judiciary in the interpretation of existing statutes." We must at the outset establish, and throughout this opinion must maintain, a clear distinction between "signing a petition" and "voting". In Board of Education of Oklahoma City v. Wordsworth, 89 Okl. 192, 215 P. 1077, our Supreme Court, in paragraph number two of its syllabus, stated: "'Vote' is the formal expression of a will, preference, wish, or choice in regard to any measure proposed, in which the person voting has an interest in common with others, either in electing a person to fill a certain situation or office, or in passing laws, rules, regulations, etc." The signing of a grand jury petition addressed to and requesting the proper officers of the State or a political subdivision thereof to act in accordance with the statutes and constitutional provisions relating thereto for a redress of grievances or to legally determine the existence or nonexistence of certain facts or conditions, does not come within the purview of the quoted interpretation. It is therefore the opinion of the Attorney General that your question number 1 must be answered as follows: Senate Joint Resolution No. 41 is of no effect insofar as it attempts to define the legislative intent relative to the judicial construction, or to supplement the provisions, of Article II, Section 18 of the Oklahoma Constitution, as amended. The Attorney General is of the further opinion that your question No. 2 must be answered in the negative in that said resolution does not have the legal effect of construing said Article and Section of the Constitution to require signers of a Grand Jury Petition to be registered voters of the county. This answer also disposes of your question No. 3. It is further the opinion of the Attorney General that the answer to your questions Nos. 1 and 2 make it unnecessary to answer your question No. 4. However, legislative enactments have no retrospective or retroactive effect unless such effect is specifically provided for in the enactment. It is the Attorney General's opinion that your question No. 5 must be answered in the negative in that the Legislature cannot, by resolution, construe or supplement the provisions of Article II, Section 18
Oklahoma Constitution, in a manner inconsistent with the plain language thereof. The Attorney General is of the opinion that your question No. 6 must be answered in the negative, in that a person need not be a registered voter to be a qualified elector. In regard to your question No. 7, it is within the sound discretion of the court as to what character and degree of proof be required with respect to the determination of whether signers of a petition are "qualified electors" as defined in ArticleIII, Section 1 of the Oklahoma Constitution. (Carl G. Engling)