GOOD et al. v. KEEL et al.

No. 1754. Opinion Filed July 11, 1911.

(116 Pac. 777.)

1.  INDIANS—Allotments—Condemnation of Highway — Compensation. Act Cong. April 26, 1906, c. 1876, 34 Stat. 145, sec. 24, pertaining to public highways in the Choctaw, Chickasaw, and Seminole Nations, is prospective in its operation, and does not authorize the highway officials of the state to take and condemn without compensation a strip one rod on each side of the section line traversing the allotment of a full-blood Indian, whose land was allotted prior to the passage of said act.

2.  STATUTES—Construction—Retroactive Effect. Statutes are to be construed as having a prospective operation unless the pur-

pose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must be resolved against the retrospective effect.

(Syllabus by the Court.)

*Error from District Court, Garvin County; R. McMillan, Judge.*

Action by Billy Keel and Lizzie Keel against Ed Good and Jeff Gabbert. Judgment for plaintiffs, and defendants bring error. Affirmed.

*J. D. Mitchell* and *George I. Jordan,* for plaintiffs in error.

*J. B. Thompson,* for defendants in error.

KANE, J. The only question in this case is, Have highway officers of the state the power to condemn for road purposes, without compensation, parts of the allotments of the defendants in error, who are full-blood Choctaw Indians, consisting of strips one rod wide on each side of the section lines? An injunction was granted by the court below enjoining them from doing so, and to reverse that order this proceeding in error was commenced.

Counsel for plaintiffs in error contend that, upon the passage of the act of Congress of April 26, 1906, pertaining to public highways in the Choctaw, Chickasaw, and Seminole Nations, the Indian allottees, whether they had taken their allotments or not, were divested of the title to the part of their allotments covered by the section lines to the extent of an easement for highway purposes, and that said lands may be taken and condemned for such purposes without compensation to the owner of the allotment. The act of Congress referred to provides:

"That in the Choctaw, Chickasaw and Seminole Nations, public highways or roads two rods in width, being one rod on each side of the section lines, may be established on all section lines, and all allottees, purchasers, and others shall take title to such land subject to this provision, and if buildings or other improvements are damaged in consequence of the establishment of such public highway or roads, such damage accruing prior to the inauguration of a state government shall be determined under the direction of the Secretary of the Interior and be paid for from the funds of the tribes respectively."

The defendants in error, who were plaintiffs below, had

resided upon the lands in question for something like 30 years. They were husband and wife, and had fenced the land in common and were using and cultivating the same. The lands were allotted to them in 1904, six years prior to the attempt on the part of the officials to take said land, and two years prior to the passage of the act of Congress above set out. The order of the court perpetually enjoined the road officer "from opening up said road without first having condemned the property of the plaintiffs and paid them therefor." We think the court below was correct in holding that the allottees were entitled to compensation. Granting that the act of Congress continued in force after statehood, unless we give it a restrospective effect, the allotments of the defendants in error do not fall within its purview.

It is a rule of statutory construction that all statutes are to be construed as having a prospective operation unless the purposes and intention of the Legislature to give them a retrospective effect is expressly declared, or is necessarily implied from the language used. 36 Cyc. 1205. In every case of doubt the doubt must be resolved against the retrospective effect. This general rule has been applied to a great variety of statutes, including the uniform negotiable instruments law, usury laws, statutes levying taxes, relating to defenses to actions on insurance policies, relating to damages for wrongs, providing for rendition of deficiency judgments upon sale of mortgaged premises, limiting the time for the commencement of actions, declaring certain contracts void, regulating parties who may sue for death by wrongful act, or the manner of distribution of the amount recovered, modifying the fellow servant rule, relating to plans for bridges over railroad tracks, relating to mechanics' liens, defining the boundary of a city, etc. The cases wherein the above rulings were made are collected in 36 Cyc., *supra*. We think the statute under consideration is clearly prospective in its terms, and there is nothing which to our minds indicates an intention on the part of Congress to give it a retrospective effect.

The judgment of the court below is accordingly affirmed.

TURNER, C. J., and DUNN and HAYES, JJ., concur; WILLIAMS, J., concurs in the conclusion.