The STATE of Oklahoma, Appellant,

v.

Dick R. SWICEGOOD, Appellee.

No. S–89–544.

Court of Criminal Appeals of Oklahoma.

July 10, 1990.

W.A. Drew Edmondson, Dist. Atty., J.J. Sheriden, Asst. Dist. Atty., Muskogee, for appellant.

Katherine Hine, Muskogee, for appellee.

## OPINION

LUMPKIN, Judge:

This case involves an appeal taken by the State pursuant to 22 O.S.Supp.1987, § 1089.1, *et seq.*, from a magistrate's ruling which led to the dismissal of a charge of Cultivation of Marijuana filed against the defendant, Dick R. Swicegood. The Defendant was charged by Information in the District Court of Muskogee County with Unlawful Possession of a Controlled Dangerous Substance with the Intent to Distribute (Count I), Knowingly and Feloniously Cultivating Marijuana (Count II), Felonious Possession of Amphetamines (Count III) and Possession of Drug Paraphernalia (Count IV). A Preliminary Hearing on these charges was held on April 21, 1989. The Honorable Robin Adair, Special Judge, sitting as magistrate, sustained the Defendant's demurrer to the evidence of Count II, Cultivation of Marijuana. The State announced its intention to pursue a "Rule 6" appeal, now codified as 22 O.S. Supp.1987, § 1089.1, *et seq.*, which was then conducted on May 12, 1989, before the Honorable Franklin D. Rahhal, Associate District Judge. Judge Rahhal affirmed the ruling of the magistrate and denied the State's appeal stating in the Findings of the Court and Ruling of the Court that "the magistrate was presented competent evidence from which he could reasonably find that a demurrer to the evidence should be sustained as to Count II of the Information." (O.R. 24) Upon a thorough review of the record provided to this Court, we find that the Defendant's demurrer to the evidence of Count II, Cultivation of Marijuana was properly sustained.

The evidence presented at the Preliminary Hearing showed that the police searched the defendant's bedroom in his parents' home. In a bedside nightstand they found four (4) baggies of a green leafy substance, later analyzed to be marijuana, and a bottle containing white residue, later analyzed to be amphetamine. In the defendant's closet police found a professionally made, portable greenhouse and plastic gallon jugs and soap jugs filled with water. A growth chart, which appears to have been provided by the manufacturer, was affixed to the side of the greenhouse.

Title 63 O.S.Supp.1987, § 2–509(B), provides:

> It shall be unlawful for any person to cultivate or produce, or to knowingly permit the cultivation, production, or wild growing of any species of such plant, on any lands owned or controlled by such person, and it is hereby declared the duty of every such person to destroy all such plants found growing on lands owned or controlled by him.

This Court has been presented with few opportunities to review the meaning and application of this statute. In those rare cases where we have addressed the statute it has been on the issue of whether there was sufficient evidence to sustain a conviction. In the most recent case, *Carter v. State*, 779 P.2d 996 (Okl.Cr.1989), this Court found sufficient evidence was presented to support a conviction for Unlawful Cultivation of Marijuana where the State's evidence established that a marijuana patch was growing on the defendant's ranch, approximately two hundred (200) yards from his house. The house was connected to the patch by a system of well worn paths and the marijuana was watered by an underground irrigation system. The defendant had the keys to a pickup in which marijuana leaves and seeds were found, and seventy-five (75) marijuana plants were found neatly stacked under the defendant's oak trees.

In *Champeau v. State*, 678 P.2d 1192 (Okl.Cr.1984), and *Hightower v. State*, 672 P.2d 671 (Okl.Cr.1983), this Court upheld the convictions of the co-defendants for Unlawful Cultivation of Marijuana. This Court found that sufficient evidence was presented to support the charge of cultivation in the form of two fields of marijuana discovered west of the defendants' home, an irrigation system of water sprinklers elevated on poles and controlled by a pump from the house, two weighing scales, and a photograph of the defendants posing in the field of growing marijuana. The Court concluded that the evidence showed that a large scale marijuana cultivation operation was in progress on the land in question and that harvesting and processing of the drug had commenced. In each case the evidence of the cultivation was the living plants or the just harvested plants.

In *Capehart v. State*, 559 P.2d 861 (Okl. Cr.1977), twelve (12) marijuana plants were found growing in flower pots on the defendant's balcony and in *Box v. State*, 541 P.2d 262 (Okl.Cr.1975), marijuana plants growing wild in the defendant's back yard were discovered as well as flower pots containing live marijuana plants.

■■■ Although the standard of proof required to bind a defendant over from preliminary hearing to trial is less than that necessary to sustain a conviction, the above cited cases remain helpful in our analysis of the statute. The question then becomes is proof of cultivation limited to live plants or recently harvested plants? Section 2–509(B) prohibits cultivation, production or wild growing. Webster's defines cultivation as "to tend or grow (a plant or a crop)" and "to foster the growth of". To produce is defined as "yield" "to create by physical effort". *Webster's II New Riverside University Dictionary*, (1984). While a greenhouse, dirt, dried leaves and water might indicate that at some time in the past the defendant may have used the greenhouse to grow plants, at the time he was arrested and charged with the offense, there was no evidence of any plants currently growing in the greenhouse or evidence that they had ever been harvested from the greenhouse. Further, the growth chart on the side of the greenhouse was supplied by the manufacturer and merely provided spaces for the user of the greenhouse to document the growth of the plants inside. The chart had not been filled out in this case. One of the baggies of marijuana found in the nightstand contained seeds and stems. However, no evidence was produced to show whether the seeds were fit for growing marijuana plants or were to be used in smoking the marijuana.

The State argues that cultivation of marijuana, like any criminal activity, can be proven by circumstantial evidence. Therefore, the State should be allowed to charge a defendant under Section 2–509(B) so it can produce circumstantial evidence that will show the defendant actually cultivated the illegal substance. While the State correctly recites the rule of law concerning circumstantial evidence, it does not properly apply that rule. It is well established that at the Preliminary Hearing the State must present sufficient evidence to show that a crime was committed and reasonable cause to believe that the defendant committed that crime. *Matricia v. State*, 726 P.2d 900, 903 (Okl.Cr.1986), *Holloway v. State*, 602 P.2d 218, 219 (Okl.Cr.1979), *Neff v. State*, 39 Okl.Cr. 133, 264 P. 649 (1928). While there is always the presumption that the State will strengthen its case at trial, the evidence at preliminary hearing must coincide with guilt and be inconsistent with innocence. *State v. Weese*, 625 P.2d 118, 119 (Okl.Cr.1981). In the present case, the State failed to meet its burden to show that the crime of Cultivation of Marijuana was committed and the magistrate properly sustained the defendant's demurrer. Absent an abuse of the discretion in reaching that decision, the magistrate's ruling will remain undisturbed. *Turner v. State*, 549 P.2d 1346, 1348 (Okl.Cr.1976).

This decision does not mean that the State could not meet its burden of proof

that the crime of Cultivation of Marijuana had been committed through circumstantial evidence that did not include live plants or recently harvested plants. It only means that in this case the evidence was not sufficient to connect the items seized with other evidence which would support that finding. The record in this case is consistent with the magistrate's order and the District Court's affirmance of the order. Accordingly, we affirm the magistrate's order.

PARKS, P.J., LANE, V.P.J., and BRETT and JOHNSON, JJ., concur.

**D.E.S., T.W.M. and J.A.J., Petitioners,**