STATE v. HALIBURTON; STATE v. GOURLEY; STATE v. KNIPE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. HALIBURTON; STATE v. GOURLEY; STATE v. KNIPE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. HALIBURTON; STATE v. GOURLEY; STATE v. KNIPE
2018 OK CR 28
Decided: 08/02/2018
Case No. S-2017-919; 
No. S-2017-920; 
No. S-2017-921
STATE OF OKLAHOMA, Appellant, v. BROOKE HALIBURTON, Appellee; STATE OF OKLAHOMA, Appellant, v. CLINT GOURLEY, Appellee; STATE OF OKLAHOMA, Appellant, v. JONATHAN KNIPE, Appellee.
Cite as: 2018 OK CR 28, __ __

 

 

OPINION

LEWIS, VICE PRESIDING JUDGE:

¶1 The State of Oklahoma appeals to this Court, pursuant to this Court's Rule 6.1, from the order of a reviewing judge affirming an adverse ruling of the preliminary hearing magistrate in Case Nos. CF-2016-844, CF-2016-845 and CF-2016-846 in the District Court of Rogers County. See 22 O.S.2011, §§ 1089.1 -- 1089.7; Rule 6.1, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018). The three cases are consolidated for the purpose of consideration on appeal.

¶2 On September 14, 2016, through September 16, 2016, the Rogers County Sheriff's Department conducted surveillance of the residence shared by Brooke Haliburton and Jonathan Knipe. The Honorable Stephen Pazzo, Associate District Judge, approved a search warrant for this residence on September 19, 2016. The Sheriff's Department executed the search warrant on September 19, 2016.

¶3 On October 4, 2016, Haliburton and Knipe were both charged with Count 1 -- Child Neglect, Count 2 -- Child Neglect, Count 3 -- Possession of CDS With Intent to Distribute Within 2000 Feet of a Park, Count 4 - Maintaining a Place for Keeping/Selling a Controlled Substance, Count 5 -- Unlawful Use of a Communication Facility, Count 6 -- Possession of a Controlled Dangerous Substance and Count 7- Unlawful Possession of Drug Paraphernalia in Rogers County District Court Case Nos. CF-2016-844 and CF-2016-846, respectively. On the same day Clint Gourley was charged with Count 1 -- Possession of Controlled Dangerous Substance Within 1000 Feet of a School or Park and Count 2 - Unlawful Possession of Drug Paraphernalia in Rogers County District Court Case No. CF-2016-845.

¶4 Prior to the preliminary hearing Haliburton and Knipe each filed a motion to suppress challenging the search warrant.[1] Gourley entered an oral Motion to Suppress during the preliminary hearing on August 2, 2017, also challenging the sufficiency of the search warrant. The preliminary hearing was conducted over a three-day period before the Honorable Terrell Crosson, Special Judge.[2] At the conclusion of this hearing Judge Crosson sustained the motions to suppress and dismissed the charges against Appellees. The State announced its intent to appeal pursuant to 22 O.S.2011, §§ 1089.1 -- 1089.7 and Rule 6.1, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018).

¶5 The State's appeal was assigned by the Honorable Terry McBride, District Judge, to a reviewing judge, the Honorable Robert E. Reavis, II, Associate District Judge.[3] Id. Judge Reavis reviewed the relevant portions of the record and following an August 24, 2017, hearing, affirmed Judge Crosson's order sustaining Appellees' motions to suppress and dismissing the charges against Appellees. The State brings this appeal from the rulings of the District Court judges.

¶6 The State asserts the following propositions of error:

1. The Magistrate erred in sustaining the Defendant's Motion to Suppress the Search Warrant alleging that there was insufficient probable cause to support the search warrant and terminating proceedings of the case, resulting in a de facto Demurrer.[4]

 

2. The District Court erred in terminating the proceedings; even if the search warrant was deficient, the evidence should still not be suppressed due to good faith.[5]

¶7 This appeal was automatically assigned to the Accelerated Docket of this Court pursuant to Rule 11.2(A)(4), Rules, supra. The propositions or issues were presented to this Court in oral argument on April 19, 2018, pursuant to Rule 11.2(E), Rules, supra. At the conclusion of oral argument, this Court REVERSED the rulings of the District Court judges and REMANDED this case to the District Court for further proceedings consistent with this opinion.

 

FACTS

¶8 The Rogers County Sheriff's Office received several tips from unproven confidential sources stating that Knipe and Haliburton, with the help of Joshua James and Sheldon Coen, were selling methamphetamine from their home where they lived with their two small children. These individuals were known to the deputies due to the deputies' past experiences with the individuals involving illegal narcotics. The officers conducted surveillance of this home on September 14, 2016, and September 15, 2016, keeping the home under observation from approximately 10 p.m. to 2 a.m.[6] Knipe, Haliburton, James and Coen were all observed at the home along with two small children. Knipe's behavior was erratic and, according to officers, he appeared to be displaying both physical and behavioral symptoms consistent with methamphetamine use. The deputies observed high volumes of automobile traffic at the residence on both nights, with the vehicles only remaining at the location for short periods. The deputies observed Coen approach one of the vehicles and conduct what appeared to be a drug transaction. Deputy Quint Tucker prepared the Affidavit for Search Warrant in this case and on September 19, 2016, presented it to Judge Pazzo who signed the affidavit, resulting in the issuance of a facially valid search warrant. Deputies served the warrant on September 19, 2016, and found approximately nine grams of methamphetamine, marijuana, small baggies, several smoking devices, digital scales and syringes.

¶9 During the search, Gourley drove up to the home, parked in front, and walked toward the home. A plain-clothes officer contacted him in the front yard and Gourley stated he had a marijuana pipe in his truck. Later Gourley admitted he came to the home to purchase methamphetamine. A search of Gourley's truck produced a marijuana pipe, a methamphetamine pipe and a small baggie of methamphetamine.

ANALYSIS

¶10 The issues in this case involve the search warrant issued by Judge Pazzo on September 19, 2016. Judge Pazzo signed the search warrant based on an affidavit prepared by Deputy Tucker, resulting in the warrant being served and charges being filed. At the preliminary hearing Judge Crosson determined Judge Pazzo's decision was an error and that the deputies' subsequent reliance on this warrant was misplaced. Judge Crosson granted Appellees' motions to suppress and dismissed the criminal cases. Judge Reavis affirmed Judge Crosson's order pursuant to a Rule 6.1 appeal and this Court must now determine if Judge Reavis's decision constitutes an abuse of discretion. See 22 O.S.2011, §§ 1098.1 -- 1089.7; Rule 6.1, Rules, supra.

¶11 The central issues in this case are whether the warrant was based on probable cause and whether the "good faith" exception applies. Appellees argue that the affidavit in this case lacked sufficient probable cause and that the affidavit was so obviously lacking that the "good faith" exception to the exclusionary rule should not protect the deputies' actions in this case.

¶12 In State appeals, this Court reviews the trial court's decision for abuse of discretion. See State v. Salathiel, 2013 OK CR 16, ¶ 7, 313 P.3d 263, 266. An abuse of discretion has been defined as "any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue." State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194. An abuse of discretion has also been described as "a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Id.

¶13 We assume for purposes of this discussion the trial court did not abuse its discretion in finding the affidavit lacked sufficient probable cause. We now turn to the second issue of whether the "good faith" exception applies. The United States Supreme Court addressed this search warrant issue in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This Court adopted the Leon doctrine in State v. Sittingdown, 2010 OK CR 22, ¶ 17, 240 P.3d 714. See State v. Thomas, 2014 OK CR 12, ¶ 11, 334 P.3d 941, 945.

¶14 In Leon, law enforcement officers with the Burbank Police Department received information from unproven confidential sources alleging that drugs were being sold by two individuals. The investigation led the officers to Alberto Leon and Ricardo Del Castillo, who officers determined had prior criminal history involving illegal narcotics. The officers conducted surveillance of a home and observed several cars stop at the house. The drivers would enter the home and then return to their vehicles carrying small packages and leave. One of the individuals observed coming and going from the home was determined to have prior involvement with illegal narcotics. Officers prepared an affidavit for a search warrant and a facially valid search warrant was subsequently issued.

¶15 The lower courts in Leon found the search warrant affidavit lacked sufficient probable cause and this determination was not challenged. The issue before the Supreme Court was "[w]hether the Fourth Amendment exclusionary rule should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." Leon, 468 U.S. at 905.

¶16 The Supreme Court held that the exclusionary rule should not act to bar law enforcement activities that are objectively reasonable. Leon, 468 U.S. at 918-923. When a reviewing judge determines that a search warrant affidavit does not contain probable cause but that the subsequently issued warrant is facially valid, it will be an unusual case where the good faith of the officers executing the warrant does not allow the admission of the evidence seized. Id.

¶17 Trial courts reviewing such situations must first determine whether the search warrant was supported by an affidavit containing sufficient probable cause. If probable cause is present then the officer's good faith is not an issue. In situations where a reviewing court determines that probable cause is lacking, it must then determine if the supporting affidavit was more than a "bare bones" affidavit. If "no reasonably well trained police officer could have believed that there existed probable cause to search" then it is a "bare bones" affidavit and the exclusionary rule should bar the evidence seized. Id. at 926. In cases such as Leon, where a subsequently issued search warrant is later challenged and the supporting affidavit is something more than a "bare bones" affidavit but is, or might be, less than probable cause, trial courts must turn to the holding in Leon to consider the officers' good faith.

¶18 In these situations, it is the rare and unusual case where the "good faith" exception to the exclusionary rule will not allow the evidence to be admitted. Id. at 918, 926. The test to be used in "good faith" exception determinations was explained in Leon as follows:

Suppression therefore remains an appropriate remedy if 1) the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The exception we recognize today will also not apply in cases where 2) the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo--Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Brown v. Illinois, 422 U.S., at 610--611, 95 S.Ct., at 2265--2266 (POWELL, J., concurring in part); see Illinois v. Gates, supra, 462 U.S., at 263--264, 103 S.Ct., at 2345--2346 (WHITE, J., concurring in the judgment). 3) Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient--i.e., in failing to particularize the place to be searched or the things to be seized--that the executing officers cannot reasonably presume it to be valid. Cf. Massachusetts v. Sheppard, 468 U.S., at 988--991, 104 S.Ct., at 3428--3430.

Leon, 468 U.S. at 923 (emphasis and numbering added). If none of these three questions are answered yes, the "good faith" exception to the exclusionary rule should prevent suppression of the evidence. Id. at 925-926.

¶19 The facts in this case are similar to those in Leon. Both search warrant affidavits were based on surveillance of suspected drug dealers pursuant to information provided by unverified informants. In both cases officers observed various activities they believed to be consistent with illegal narcotics transactions. The affidavit in this case also included statements that deputies observed Coen conduct a drug transaction and that Knipe displayed mannerisms and behavior indicative of Methamphetamine use. While there has been some argument regarding whether the affidavit in this case contained sufficient probable cause, Appellees were not able to establish that this affidavit was a "bare bones" affidavit. This necessitates determining pursuant to Leon whether the officers' "good faith" in this case should prevent the suppression of the evidence in this case.

¶20 Neither Judge Crosson nor Judge Reavis properly applied the Leon holding to the facts in this case. Judge Crosson flatly stated that the "good faith" exception did not apply in this case. We find that had Judge Crosson or Judge Reavis properly applied the Leon holding he should have found that the deputies acted in an objectively reasonably manner and that based on the "good faith" exception the evidence should not have been suppressed. First, nothing in the record, the pleadings or in the oral arguments made to this Court established Judge Pazzo was misled by information in this affidavit, i.e., that Deputy Tucker knew the information was false or would have known it was false except for his reckless disregard of the truth. Id. at 923. Next, there is nothing in this record indicating Judge Pazzo wholly abandoned his judicial role. Id. No claim was made by the parties that Judge Pazzo failed to perform his function in a neutral and detached manner. Id. at 914. Finally, Appellees failed to establish that this warrant was so facially deficient that the deputies could not reasonably presume it to be valid. The warrant in this case was more than adequate in particularizing the place to be searched and the things to be seized. Id. at 923. 

¶21 The State has established that Judge Reavis abused his discretion when he affirmed Judge Crosson's order dismissing these cases without properly applying Leon. Because neither judge addressed the facts in this case pursuant to the applicable legal standard established in Leon, Judge Reavis's order affirming Judge Crosson's suppression of the evidence based on an insufficient affidavit for a search warrant in this case was an "unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue" and was "a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented." Delso, 2013 OK CR 5, ¶ 5, 298 P.3d at 1194.

DECISION

¶22 The order of the District Court of Rogers County affirming the suppression of evidence and dismissal of Rogers County District Court Case Nos. CF-2016-844, CF-2016-845 and CF-2016-846 is REVERSED. These cases are REMANDED to the District Court of Rogers County for further proceedings consistent with this opinion. Pursuant to Rule 3.15, Rules, supra, the MANDATE is ORDERED issued upon the filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF ROGERS COUNTY
THE HONORABLE ROBERT E. REAVIS, II,
ASSOCIATE DISTRICT JUDGE

 
 
 
 APPEARANCES IN TRIAL COURT
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 Zach Cabell
 Assistant District Attorney
 Rogers County
 200 S. Lynn Riggs Blvd.
 Claremore, OK 74017
 COUNSEL FOR APPELLANT
 
 
 Zach Cabell
 Assistant District Attorney
 Rogers County
 200 S. Lynn Riggs Blvd.
 Claremore, OK 74017
 COUNSEL FOR APPELLANT
 
 
 
 
 William R. Higgins
 Higgins Law, P.C.
 417 West 1st Street
 Claremore, OK 74017
 COUNSEL FOR HALIBURTON
 
 
 William R. Higgins
 Higgins Law, P.C.
 417 West 1st Street
 Claremore, OK 74017
 COUNSEL FOR HALIBURTON
 
 
 
 
 C. Noah Sears
 Price and Sears, P.C.
 400 S. Muskogee Avenue
 Claremore, Oklahoma 74017
 COUNSEL FOR GOURLEY
 
 
 C. Noah Sears
 Price and Sears, P.C.
 400 S. Muskogee Avenue
 Claremore, Oklahoma 74017
 COUNSEL FOR GOURLEY
 
 
 
 
 Jeffrey A. Price
 Price and Sears, P.C.
 400 S. Muskogee Avenue
 Claremore, Oklahoma 74017
 COUNSEL FOR KNIPE
 
 
 Jeffrey A. Price
 Price and Sears, P.C.
 400 S. Muskogee Avenue
 Claremore, Oklahoma 74017
 COUNSEL FOR KNIPE
 
 
 

OPINION BY: LEWIS, V.P.J.
LUMPKIN, P.J.: Concur
HUDSON, J.: Specially Concur
KUEHN, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

[1] The three cases were combined for the purposes of the preliminary hearing and motions to suppress.

[2] The preliminary hearing took place June 21, 2017, July 19, 2017, and August 2, 2017.

[3] Judge McBride is the Presiding Judge for the Northeast Judicial Administrative District. Judge Reavis sits in Ottawa County which is located in the Northeast Judicial Administrative District.

[4] The State's Proposition 1 was identical in its appeals in Knipe's and Haliburton's cases, and was stated as listed above. The State's Proposition 1 in its appeal in Gourley's case was "The Magistrate erred in sustaining the Defendant's Demurrer to the evidence presented at the preliminary hearing and his Oral Motion to Suppress the evidence as being 'fruit of the poisonous tree.'"

[5] The only difference in the wording of the State's Proposition 2 in these three appeals is that in its brief in Knipe's case the State used the word "suppressed" instead of the word "excluded."

[6] The surveillance continued into the early morning hours of September 16, 2016.

HUDSON, J., SPECIALLY CONCURS:

¶1 I agree that the "good faith" exception to the exclusionary rule applies in this case and that Judge Reavis's order affirming Judge Crosson's suppression of the evidence was an abuse of discretion. I write separately to observe too that Gourley had no apparent standing to challenge the search of the home in this case. Gourley was intercepted in the front yard and later told authorities he had come to the trailer to purchase methamphetamine from Knipe. This admission, in turn, led to the discovery of methamphetamine and other contraband in Gourley's truck. Gourley failed to show that he had a legitimate expectation of privacy in the home where Knipe and Haliburton lived. See State v. Stark, 2018 OK CR 16, ¶ 7, __P.3d__ ("To establish standing to contest the constitutionality of a search, a defendant must show he had a 'legitimate expectation of privacy in the invaded place.'") (quoting Terry v. State, 2014 OK CR 14, ¶ 7, 334 P.3d 953, 955). For this reason alone, the motion to suppress should have been denied with respect to Gourley. See Minnesota v. Carter, 525 U.S. 83, 90-91, 119 S. Ct. 469, 473-74, 142 L. Ed. 2d 373 (1998).

¶2 I agree too that this case does not involve a "bare bones" affidavit which would require application of the exclusionary rule. Indeed, in my view, the totality of circumstances provided the magistrate a substantial basis for concluding that probable cause[1] existed, based upon the information contained in the search warrant affidavit, that contraband would be found in Haliburton's and Knipe's residence. See Marshall v. State, 2010 OK CR 8, ¶ 49, 232 P.3d 467, 479 (discussing standard of review for determining validity of search warrant). The search warrant affidavit stated that deputies observed a high volume of car traffic during the overnight hours on two separate nights by multiple vehicles to the residence, which was consistent with the conduct of drug transactions; Knipe's erratic behavior outside the trailer during that period was consistent with methamphetamine use; and Sheldon Coen--one of the individuals named by the informant as selling methamphetamine with Knipe--conducted an apparent (though unconfirmed) drug transaction with a car that pulled up to the residence then left during this same period. Based on these facts, the magistrate could conclude there was probable cause to believe that contraband would be found in Haliburton's and Knipe's residence. I therefore concur in today's decision.

FOOTNOTES

[1] Probable cause means "more than bare suspicion" but less than evidence which would justify a conviction. Brinegar v. United States, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 1879 (1949). Probable cause is a "'practical, nontechnical conception[,]'" which deals with probabilities based on "'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Illinois v. Gates, 462 U.S. 213, 231, 103 S. Ct. 2317, 2328, 76 L. Ed. 2d 527 (1983) (quoting Brinegar, 338 U.S. at 175, 176, 69 S. Ct. at 1310, 1311). The Supreme Court has emphasized that "'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'" Gates, 462 U.S. at 235, 103 S. Ct. at 2330 (quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S. Ct. 584, 590, 21 L. Ed 2d 637 (1969)).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed
 2010 OK CR 22, 240 P.3d 714, STATE v. SITTINGDOWN
Discussed
 2013 OK CR 5, 298 P.3d 1192, STATE v. DELSO
Discussed at Length
 2013 OK CR 16, 313 P.3d 263, STATE v. SALATHIEL
Discussed
 2014 OK CR 12, 334 P.3d 941, STATE v. THOMAS
Discussed
 2014 OK CR 14, 334 P.3d 953, STATE v. TERRY
Discussed
 2018 OK CR 16, STATE v. STARK
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1089.1, State's Right to Appeal
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA