2013 OK 81

Carol L. CERNIGLIA, Plaintiff/Appellee,

v.

The **OKLAHOMA DEPARTMENT OF CORRECTIONS, and Justin Jones, in his capacity as Director, Defendants/Appellants.**

No. 109,568.

Supreme Court of Oklahoma.

Oct. 1, 2013.

---

13.  Title 57 O.S.2011, §§ 582 and 583.

14.  Okla. Const. art. 2, § 15.

Bill J. Baze, Stevenson Law Firm P.L.L.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Stefanie E. Lawson, Asst. Atty. Gen., Oklahoma City, Oklahoma, for Defendants/Appellants.

COMBS, J.

¶ 1 On April 30, 1999, the Plaintiff/Appellee, Carol L. Cerniglia (hereinafter, "Cerniglia"), was convicted in Oklahoma of permitting child sex abuse and was sentenced to a term of incarceration for 15 years. This conviction was upheld by the Oklahoma Court of Criminal Appeals on May 19, 2000. According to the Defendants/Appellants, the Oklahoma Department of Corrections, and Justin Jones, in his capacity as Director (hereinafter, "Department"), she was physically released from incarceration in May 2005.[1] The Department alleges in its Brief in Chief that Cerniglia was initially required to register under the Sex Offenders Registration Act 57 O.S., § 581 et seq. (hereinafter "SORA") for 10 years following completion of her incarceration period. The record reflects she began registering on May 23, 2005. Effective November 1, 2007, SORA was amended to require the Department to assign a risk level to a sex offender. HB 1760, 2007 Okla. Sess. Laws c. 261 (eff. November 1, 2007). These amendments created 3 risk levels with level 3 being the highest level requiring lifetime registration and level 1 being the lowest level requiring a 15–year registration from the date of the completion of a sex offender's sentence. Title 57 O.S. Supp.2007, § 583. Following the November 1, 2007, amendments, the Department assigned Cerniglia a risk level of 3 which increased her registration period to life.

¶ 2 On October 30, 2009, Cerniglia filed a Petition asking the trial court to enter an order reducing her level assignment from level 3 to level 1 pursuant to 57 O.S. Supp. 2008, § 582.5(D)[2] and further sought an or-

---

1. The record only indicates she was sentenced to 15 years' incarceration and was released in May 2005. It is assumed she was released on parole for the remainder of her sentence which would expire in 2014.

2. Title 57 O.S. Supp.2008, § 582.5(D) provided:

   D. The risk assessment review committee, the Department of Corrections, or a court may override a risk level only if the entity:

der requiring her to only register for "ten years from the completion of her sentence under the law in effect at the time of the crime." [3] On May 17, 2011, the trial court entered an order and determined at the time of her conviction Cerniglia was required to register for 10 years. The trial court also found the Department's classification of Cerniglia as a level 3 sex offender did not satisfy a public safety element. Therefore, the trial court ordered Cerniglia's level assignment be reduced to a level 1 and she remain registered until May 2015, which is ten years following her release from custody. The Department appealed and this Court retained the appeal on July 17, 2012. This matter was assigned to this office on February 6, 2013.

## ANALYSIS

¶ 3 On appeal the Department asserts the trial court did not have the authority to override Cerniglia's level assignment. First, the Department asserts the level assignment is based at a minimum on the specific crime which the defendant was convicted and there is no mechanism to reduce the level assignment if the conviction alone of a specific qualifying crime indicates a level 3 assignment. Second, the Department argues 57 O.S., § 582.5(D) provides in no event shall a court reduce the level assignment.[4] However, this language which prevents a court from reducing a level assignment became effective on November 1, 2009, two days after Cerniglia filed her Petition to reduce her level assignment on October 30, 2009.

¶ 4 This Court recently decided *Starkey v. Oklahoma Department of Corrections*, 2013

OK 43, 305 P.3d 1004, which is dispositive. In *Starkey* this Court held the SORA level assignments were to be applied prospectively and not retroactively. *Starkey*, 2013 OK 43 at ¶ 28, 305 P.3d 1004. Cerniglia was convicted on April 30, 1999, well before the creation of the level assignment system which took effect on November 1, 2007.[5] Therefore, pursuant to *Starkey*, the level assignments do not apply to Cerniglia.

¶ 5 *Starkey* concerned an individual who was convicted in another jurisdiction and who subsequently voluntarily came to Oklahoma. This Court determined the applicable version of SORA is the one in effect when Starkey voluntarily came to Oklahoma and became subject to SORA and not the version in effect when he was convicted in Texas. *Starkey*, 2013 OK 43 at ¶ 82, 305 P.3d 1004. We reasoned, Starkey voluntarily came to Oklahoma after his conviction and therefore voluntarily subjected himself to the version of SORA in existence at that time. *Id.* at ¶ 82.

¶ 6 The lesson to be found in *Starkey* is that the applicable version of SORA is the one in effect when a person becomes subject to its provisions. A person convicted in another jurisdiction is not subject to SORA until they enter Oklahoma with the intent to be in the state. *Id.* Whereas, a person like Cerniglia, who was convicted in Oklahoma, became subject to SORA when she was convicted. This is true even though she was incarcerated. Title 57 O.S. Supp.1998, § 582, in effect when Cerniglia was convicted, provided, "[t]he provisions of the ... Act shall not apply to any such person while the person is incarcerated in a maximum or medium correctional institution of the Department of

---

1. Believes that the risk level assessed is not an accurate prediction of the risk the offender poses to the community; and
2. Documents the reason for the override in the case file of the offender.

3. Although the date of the crime is not reflected in the record, the record does reflect that she was charged on March 26, 1998. It was not until April 26, 2004, however, that the law required registration for 10 years "from the date of the completion of the sentence" and not the date of release from incarceration. SB 1191, 2004 Okla. Sess. Laws c. 162, § 1 (emerg. April 26, 2004), which amended 57 O.S. Supp.2003, Section 583.

4. Effective November 1, 2009, amendments in HB 1509, 2009 Okla. Sess. Laws c. 404, § 4, added the following language to the end of subsection (D):

   Provided, **in no event shall** the sex offender level assignment committee, the Department of Corrections, or **a court override and reduce a level assigned** to an offender as provided in subsection C of this section. (Emphasis added).

5. HB 1760, 2007 Okla. Sess. Laws c. 261 (effective Nov. 1, 2007).

Corrections." Title 57 O.S. Supp.1997, § 583(A), was also in effect at the time of her conviction, and required her to register within three business days of her release from a correctional institution. We interpret this to mean at the time of Cerniglia's conviction and as a consequence of that conviction SORA obligated her to register in the future upon her release. Therefore, she became subject to SORA upon her April 30, 1999, conviction and the provisions of SORA in effect at that time are controlling even though she did not have to begin registration until she was released.

¶ 7 The trial court's order reduces the level assignment to level 1, which would require Cerniglia to register for 15 years from the date she completes her sentence [6] (effectively May 2029). The trial court then, applying the law in effect at the time of Cerniglia's conviction, requires Cerniglia to register for 10 years from the date of her release from physical custody of the Department of Corrections (effectively May 2015). We find the law at the time of her conviction (April 30, 1999) required her to register for 10 years upon her release from incarceration. We agree with the trial court that the law at the time of Cerniglia's conviction on April 30, 1999, controls her registration, but disagree with the trial court's determination Cerniglia should be reclassified as a level 1 sex offender. As determined in *Starkey*, the level assignments are to be applied prospectively from their effective date and therefore would not be applicable to Cerniglia. Cerniglia should never have been assigned a risk level; therefore an override of her level assignment was unnecessary. We affirm the trial court's May 17, 2011, order which held Cerniglia was required to register for 10 years following her release from incarceration and reverse the trial court's ruling applying the level assignments to her in any fashion.

**THE TRIAL COURT'S MAY 17, 2011, ORDER IS AFFIRMED IN PART AND REVERSED IN PART**

¶ 8 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, and GURICH, JJ., concur.

¶ 9 WINCHESTER, J., dissenting.

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004.

¶ 10 TAYLOR, J., dissenting.

I dissent for the same reasons that I stated in my dissent in *Starkey v. Oklahoma Department of Corrections*, 2013 OK 43, 305 P.3d 1004.

---

6. Title 57 O.S. Supp.2009, § 583(C), in effect at the time of the order, provided:

C. When a person has been convicted or received probation within the State of Oklahoma and the person is not classified as an habitual or aggravated sex offender, the person shall be required to register for a period of ten (10) years as follows:
1. For a period of fifteen (15) years, if the numeric risk level of the person is one;
2. For a period of twenty-five (25) years, if the numeric risk level of the person is two; and

3. For life, if the numeric risk level of the person is three or the person is classified as a habitual or aggravated sex offender.
The registration period shall begin from the date of the completion of the sentence. The information received pursuant to the registration with the Department of Corrections required by this section shall be maintained by the Department of Corrections for at least ten (10) years from the date of the last registration.