2014 OK CR 17

**STATE of Oklahoma, Appellant,**

v.

**Lamont Eugene HURT, Appellee.**

No. S–2013–476.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 2014.

Jenny M. Proehl–Day, Assistant District Attorney, Tulsa, OK, counsel for the state at trial and appeal.

Patrick L. Adams, Tulsa, OK, counsel for defendant at trial and appeal.

## SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellee, Lamont Eugene Hurt, was charged by Information February, 13, 2013, in the District Court of Tulsa County, Case No. CF–2013–720, with Failure To Register As Sex Offender (57 O.S.2011, § 587). The State alleged that Appellee was subject to the terms and conditions of the Sex Offenders Registration Act but had failed to register on or about July 20, 2012. Appellee waived preliminary hearing but filed his Motion to Dismiss and argued that the Sex Offenders Registration Act (57 O.S.2011, §§ 581–590.2) could not be retroactively applied to him. At a hearing held May 13, 2013, the Honorable Kurt G. Glassco sustained Appellee's motion. The State announced its intent to appeal in open court.

¶ 2 The State timely filed its written Notice of Intent to Appeal and Designation of Record seeking to appeal pursuant to subsections 1 and 5 of 22 O.S.2011, § 1053. Since the District Court's order did not suppress or exclude any evidence, we find that § 1053(5) does not provide a method of appeal for the State in the present case. As the District Court quashed or set aside the Information because the facts stated did not constitute a public offense, we find that the State's appeal may properly proceed pursuant to § 1053(1). *See State v. Delso*, 2013 OK CR 5, ¶¶ 5–7, 298 P.3d 1192, 1193–94; 22 O.S.2011, § 504(4).

¶ 3 In Proposition One, the State contends that the District Court erred when it determined that the 2004 and 2007 amendments to the Sex Offenders Registration Act only applied prospectively. Because this claim raises a question of statutory interpretation, it presents a question of law which this Court reviews *de novo*. *Smith v. State*, 2007 OK CR 16, ¶ 40, 157 P.3d 1155, 1169.

¶ 4 On June 10, 1994, Appellee was convicted in District Court of Tulsa County Case No. CF–1993–4114 of Second Degree Rape (Female Under 16) (21 O.S.Supp.1990, § 1111). The District Court sentenced Appellee to imprisonment for ten (10) years all suspended. At that time, the Sex Offenders Registration Act required a sex offender to register with the Department of Corrections within ten (10) business days of being convicted or receiving a suspended sentence if the person was not incarcerated. 57 O.S.Supp.1989, § 583(A). The Act required offenders to maintain registration with the Department of Corrections for a period of ten (10) years from the date of registration. 57 O.S.Supp.1989, § 583(C).

¶ 5 Appellee's ten-year registration period under 57 O.S.Supp.1989, § 583(C) was set to expire on or about June 23, 2004. Just prior to that date, the Oklahoma Legislature amended the mandatory period of registration within § 583(C). 57 O.S.Supp.2004, § 583(C) (Version 2). Effective April 26, 2004, the statute provided that: "Except for habitual or aggravated sex offenders, the person shall be required to register for a period of ten (10) years from the date of the completion of the sentence. . . ." *Id.*

¶ 6 The Legislature amended the period of registration, again, in 2007. Effective November 1, 2007, the Sex Offenders Registration Act required each offender to be assigned to one of three risk levels. 57 O.S.Supp.2007, §§ 582.1–582.5. Section 583(C) was also amended to set the registration period for each of the three risk levels. 57 O.S.Supp.2007, § 583(C). An offender assigned to the risk level of "one" shall be required to register for a period of fifteen (15) years from the date of completion of the sentence. *Id.* An offender assigned to the risk level of "two" shall be required to register for a period of twenty-five (25) years from the date of completion of the sentence. *Id.* A habitual offender, aggravated offender or an offender assigned to the risk level of "three" shall be required to register for life. *Id.*

¶ 7 If either the 2004 or the 2007 amendments to § 583(C) apply retroactively, they would require Appellee to register as a sex offender during the time frame alleged within the Information. However, "[i]t is a fundamental rule of statutory construction that intervening changes in the law should only be applied prospectively from their effective date, unless the Legislature has specifically declared that they have retroactive effect." *State v. Salathiel*, 2013 OK CR 16, ¶ 8, 313 P.3d 263, 266.

¶ 8 "[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf v. USI Film Products*, 511 U.S. 244, 265, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994). "Retroactive legislation presents problems of unfairness that are more serious than those posed by prospective legislation, because it can deprive citizens of legitimate expectations and upset settled transactions." *General Motors Corp. v. Romein*, 503 U.S. 181, 191, 112 S.Ct. 1105, 1112, 117 L.Ed.2d 328 (1992). Thus, the general common law rule of statutory construction is that statutes and amendments are to be construed to operate only prospectively unless the legislature clearly expresses an intent to the contrary. *State v. Watkins*, 1992 OK CR 50, ¶ 5, 837 P.2d 477, 478 (*citing Welch v. Armer*, 1989 OK 117, ¶ 27, 776 P.2d 847, 850).

¶ 9 The Legislature expressly declared its intent in enacting the Sex Offenders Registration Act. 57 O.S.Supp.1997, § 581(B). The Legislature found that sex offenders pose a high risk of re-offending and implemented the system of registration to protect public safety. *Id.* Upon its initial implementation, the Legislature provided for prospective application of the Act. The registration requirements only applied to those offenders that were convicted or received a suspended sentence after the effective date of the Act. 57 O.S.Supp.1989, § 582.

¶ 10 We review the amendments to § 583(C) under the presumption against retroactive application and Legislature's original expression of prospective effect within the Act. Turning to 57 O.S.Supp.2004, § 583(C), we find that the Legislature did not expressly declare whether the amended registration period applied prospectively or retroactively.

¶ 11 As the Legislature did not expressly declare that the 2004 amendment was to have retroactive effect, we construe the amendment as having prospective operation unless the intent for retrospective effect is necessarily implied from the language used. *Good v. Keel*, 1911 OK 264, ¶ 4, 29 Okla. 325, 116 P. 777, 777. However, a statute ought not to be construed as having retrospective operation unless the intention of the Legisla-

ture cannot be otherwise satisfied. *Adair v. McFarlin*, 1911 OK 129, ¶ 5, 28 Okla. 633, 115 P. 787, 788. "It is a rule of construction that statutes will not be given a retroactive effect if any other reasonable construction is possible." *Casey v. Bingham*, 1913 OK 321, ¶ 4, 37 Okla. 484, 132 P. 663, 665. "In every case of doubt the doubt must be resolved against the retrospective effect." *Good*, 1911 OK 264, ¶ 4, 116 P. at 777.

¶ 12 We find that retroactive effect is not necessarily implied from the language used within the 2004 amendment to § 583. Certainly, there is a doubt concerning the Legislature's intent. Prospective application of the enhanced registration requirements is a reasonable construction of the amendment. As there is not a clear expression of an intent to the contrary from the Legislature, we find that the amendment to the registration period within 57 O.S.Supp.2004, § 583(C), only applies prospectively.

¶ 13 Turning to 57 O.S.Supp.2007, § 583(C), we find that the Legislature did not expressly declare whether the three-tiered registration period enacted within 57 O.S.Supp.2007, § 583(C), applied prospectively or retroactively. However, we are guided by the other statutory provisions that the Legislature enacted to work in conjunction with the three-tiered registration period. *See State v. Doak*, 2007 OK CR 3, ¶ 17, 154 P.3d 84, 87 (finding that where possible, statutory amendments should be construed together). The three-tiered registration period within 57 O.S.Supp.2007, § 583(C), works in conjunction with the provisions of 57 O.S.Supp.2007, §§ 582.1–582.5. Both § 582.1 and § 582.2 expressly provide that the assignment of a risk level to a sex offender applies to "a person, who **will** be subject to the provisions of the Sex Offenders Registration Act." (emphasis added). Therefore, we construe 57 O.S.Supp.2007, § 583(C) as only applying prospectively. *See Starkey v. Oklahoma Dept. of Corrections*, 2013 OK 43, ¶¶ 28–32, 305 P.3d 1004, 1015–16 (finding 2007 amendments to Sex Offenders Registration Act were intended to apply prospectively).

¶ 14 Citing to the many amendments to the Act and the ever present language of 57 O.S.Supp.1989, § 582 to the effect that: "The provisions of the Sex Offenders Registration Act shall apply to any person who, after November 1, 1989, has been convicted," the State argues that the Legislature explicitly set forth that it intended for the 2004 and 2007 amendments to apply retroactively. However, we cannot consider this language as expressing an intent for the amended registration periods to be applied retroactively. The cited language has been in the Act since its initial passage and was the Legislature's expression that the Act only have prospective effect. *Reimers v. State, ex rel. Dept. of Corrections*, 2011 OK CIV APP 83, ¶ 32, 257 P.3d 416, 421. Similar language has also always been present within § 583. 57 O.S.Supp.1989, § 583. If the language had been added at the same time that the amended registration period was enacted, then that might be taken as an indication of intent for retroactive application. Because the language has always been present in § 583 it cannot be a clear indication of intent as to the 2004 and 2007 amendments.

¶ 15 We note that the Oklahoma Supreme Court in *Starkey v. Oklahoma Dept. of Corrections*, 2013 OK 43, 305 P.3d 1004, held that 57 O.S.Supp.2004, § 583(C) was intended to apply retroactively. *Id.*, 2013 OK 43, ¶ 34, 305 P.3d at 1017. Because there is doubt concerning the Legislature's intent and another reasonable construction of the statute is possible, we cannot agree with this determination. Nonetheless, since issuing *Starkey*, the Oklahoma Supreme Court has held that the correct Sex Offenders Registration Act registration requirements to apply are those in effect when the sex offender was either convicted in Oklahoma or when a sex offender convicted in another jurisdiction enters Oklahoma and becomes subject to those requirements. *Luster v. State, ex rel. Dept. of Corrections*, 2013 OK 97, ¶ 16, 315 P.3d 386, 391; *Cerniglia v. Oklahoma Dept. of Corrections*, 2013 OK 81, ¶ 6, —— P.3d ——, 2013 WL 5470632. We agree with this general rule.

¶ 16 As the registration period in effect at the time of Appellee's conviction had expired

prior to the date charged in the Information, the District Court properly sustained Appellee's motion. Proposition One is denied.

¶ 17 In Proposition Two, the State contends that the Sex Offender Registration Act does not violate the prohibitions against *ex post facto* laws. Our determination in Proposition One that the amendments to the registration period only apply prospectively renders this issue moot. *Castillo v. State*, 1998 OK CR 9, ¶¶ 7–8, 954 P.2d 145, 147 ("Petitioner cannot complain that the Act violates the constitutional prohibitions against *ex post facto* laws when the sentencing matrixes of the Act are *not* retroactive in application."). Proposition Two is denied as moot.

### DECISION

¶ 18 The order of the District Court of Tulsa County quashing the Information is **AFFIRMED.** The matter is **REMANDED** for further proceedings consistent with this Opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2014), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, P.J. concur in part/dissent in part.

SMITH, V.P.J. and A. JOHNSON, J. concur.

LEWIS, P.J., concurring in part and dissenting in part.

¶ 1 I concur in the Court's conclusion that the order appealed is not one suppressing evidence and therefore an appeal by the State cannot proceed under section 1053(5) of Title 22. However, statutes and prior case law providing for an order quashing or setting aside an information, or granting a demurrer, are limited to certain defects appearing "on the face" of the information or indictment or in the grand jury process. 22 O.S.2011, § 493, 504; *State v. Hammond*, 1989 OK CR 25, ¶ 5, 775 P.2d 826, 828, *overruled on other grounds, State v. Young,*

1994 OK CR 25, 874 P.2d 57.[1]

¶ 2 The order here essentially granted a motion to quash for insufficient evidence pursuant to section 504.1 of Title 22, because the defendant, in the view of the trial court, was able to "establish *beyond the face of* the . . . information that there is insufficient evidence" of one of the "necessary elements of the offense," i.e., that the defendant's failure to register was unlawful. *Id.* (emphasis added). I therefore concur that the State can maintain this appeal from an order quashing the information for insufficient evidence under section 1053(4).

¶ 3 I respectfully dissent from the opinion affirming the trial court's dismissal of this criminal charge. Today the Court compounds the interpretive error committed in *State v. Salathiel,* 2013 OK CR 16, 313 P.3d 263, where it affirmed a trial court's dismissal of a felony charge of DUI, second offense. The defendant in *Salathiel* had incurred a prior deferred judgment for DUI *before* the effective date of a 2011 amendment making a second DUI after a prior DUI deferred judgment a felony.

¶ 4 The Court in *Salathiel* was unable to strike down the amended DUI statute as an *ex post facto* law. The entire weight of authority was against it. Still, the Court upheld the dismissal, applying a common law "presumption" that the new law making a deferred judgment a predicate offense for felony DUI applied only prospectively. The Court thus limited its application to defendants who, *after* the effective date of the amendment, *first* incurred a deferred judgment for DUI *and then* committed a second DUI offense. That the Legislature anticipated or intended this bizarre construction "taxes the credulity of the credulous." *Maryland v. King,* 569 U.S. ——, 133 S.Ct. 1958,

1980, 186 L.Ed.2d 1 (2013) (Scalia, J., dissenting).[2]

¶ 5 By today's use of the same common law presumption, the Court holds that the defendant's obligation to register as a sex offender became fixed for all time on the date he suffered conviction or was sentenced as a sex offender; and that later, more restrictive enactments, cannot alter his initial obligation to register. Appealing to the "general common law rule" that statutory amendments are prospective only, absent clear legislative intent, the Court omits the important proviso that "remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights are generally held to operate retrospectively." *State v. Watkins,* 1992 OK CR 50, ¶ 5, 837 P.2d 477, 478 (*quoting Welch v. Armer,* 1989 OK 117, ¶ 27, 776 P.2d 847, 850).

¶ 6 The common law presumption against retroactive legislation typically has guided the interpretation of civil and criminal procedure statutes by avoiding constructions that abridge *vested* legal rights and obligations. In *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court held that a plaintiff could not seek, after a non-jury trial on her employment discrimination claim, the benefit of new statutory amendments providing for money damages and a jury trial. *General Motors Corp. v. Romein,* 503 U.S. 181, 112 S.Ct. 1105, 117 L.Ed.2d 328 (1992) held that a legislative amendment retroactively requiring refunds of certain reductions in workers' compensation benefits did not unconstitutionally impair the obligation of contracts or deny General Motors due process of law. These cases teach that *some* retroactive statutes may deprive persons "of *legitimate* expectations and upset *settled* transactions."

---

1. *State v. Young* overruled *Hammond* and several other cases only insofar as the latter held that a motion to set aside the information was not proper in misdemeanor cases. *Young,* 1994 OK CR 25, ¶ 4, 874 P.2d at 58.

2. Should the Legislature respond to today's ruling by stating more clearly that future SORA amendments apply to pre-existing sex offenders, the Court will eventually be forced to address the *ex post facto* ruling of the Oklahoma Supreme Court in *Starkey v. Oklahoma Department of Cor-*

*rections,* 2013 OK 43, 305 P.3d 1004, and the United States Supreme Court's arguably contrary holding in *Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). I have previously expressed my agreement with the dissenters in *Starkey* that these SORA amendments are not *ex post facto* as applied to offenders convicted, sentenced, or otherwise made subject to Oklahoma sex offender registration requirements before the effective date of the amendments.

*Romein,* 503 U.S. at 191, 112 S.Ct. at 1112 (emphasis added).

¶ 7 The other cases cited by the majority reinforce this essential point. In *Good v. Keel,* 29 Okla. 325, 116 P. 777, the Oklahoma Supreme Court held a condemnation statute could not retroactively authorize highway officials to condemn and take Indian land allotted prior to the passage of the statute. *Adair v. McFarlin,* 28 Okla. 633, 115 P. 787, held that a 1908 act did not retroactively divest the district court of jurisdiction in certain cases then pending under prior law. *Casey v. Bingham,* 37 Okla. 484, 132 P. 663, held that a 1908 statute purporting to void certain conveyances of land before the removal of restrictions on allotments did not affect deeds executed and delivered for valid consideration prior to its passage. *Welch v. Armer, supra,* held that an amendment affecting the rights and duties of parties to uninsured motorist contracts involved substantive changes and could not be retroactively applied to earlier contracts.

¶ 8 *State v. Watkins, supra,* decided under the anti-retroactivity statute in section 3 of the Code of Criminal Procedure, held that a new statute of limitations could not retroactively extend the time for prosecuting crimes committed before its effective date. *Id.,* 1992 OK CR 50, ¶ 6, 837 P.2d at 478. But the Court had previously held in *Allen v. State,* 1991 OK CR 35, ¶ 2 821 P.2d 371, that the anti-retroactivity statute is "applicable only to [amendments in] Title 22." *Id.,* 1991 OK CR 35, ¶ 2, 821 P.2d at 377 (opinion denying rehearing). *Watkins* and its application of section 3 are therefore doubtful authority for the interpretation of statutory amendments found in Title 57.

¶ 9 In sum, the anti-retroactivity cases selectively quoted by the Court have no application here. In those cases, contractual or procedural rights, title to real property, or lawful jurisdiction of pending actions, had already *vested* in the affected parties before the challenged amendment to existing law. These laws implicated detrimental reliance and settled matters that warranted non-retroactivity: Retroactive application would have abridged *vested* rights and violated *legitimate* expectations.

¶ 10 Unlike a law retroactively extinguishing an estate in property or the obligations of contract, the sex offender registration period in effect at the time of a guilty plea, sentence, or entry into the state subjecting the offender to registration, creates a *current* obligation with no enforceable due process or *ex post facto* limitation on potential *future* obligations. *Watson v. State,* 283 Ga.App. 635, 642 S.E.2d 328 (2007); *Peters v. Donald,* 282 Ga.App. 714, 639 S.E.2d 345 (2006)(amendment requiring sex offenders to register applied to defendants not required to register at the time of their guilty pleas, and was not *ex post facto* ).

¶ 11 Sex offender registration laws are plainly subject to *remedial* amendments in the public interest affecting the obligations of pre-existing offenders. The clear purpose and intent of the Legislature in its original enactment of the sex offender registration law and subsequent amendments has been to aggressively ·deal with the perceived public safety threat posed by sex offenders. New registration requirements may be onerous; they may even be excessive and unwise, but they involve no abridgment of *vested* legal rights or violation of *legitimate* expectations in settled matters.

¶ 12 Such laws are not subject to an intrusive judicial presumption of anti-retroactivity that openly frustrates the policy of the Legislature. Failure to register as a sex offender has been a crime in Oklahoma for more than two decades. 57 O.S.2011, § 587(A). Persons subject to new registration requirements are bound to take notice of their *current* obligations and comply, or face the *current* penalty for failing to do so, unless those requirements abridge specific constitutional guarantees. *Smith,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); *Starkey,* 2013 OK 43, ¶ 88, 305 P.3d at 1032 (Taylor, J. dissenting) (finding legislature intended SORA amendments to be retroactive to pre-existing offenders, and amendments are not *ex post facto* ).

¶ 13 Assuming the 2004 and 2007 SORA amendments expanded this defendant's obligation to register, "[a] statute is not made retroactive merely because it draws upon

antecedent facts for its operation." *Cox v. Hart,* 260 U.S. 427, 435, 43 S.Ct. 154, 157, 67 L.Ed. 332 (1922). Prosecuting this sex offender for failing to register, in 2012, under a law in effect since at least 2007, involves no retroactive application of law, in the *ex post facto* sense, or any other. *Thompson v. State,* 278 Ga. 394, 603 S.E.2d 233 (2004) (finding statute prohibiting sex offender from living within 1,000 feet of play area created crime based on offender's status, but was not retrospective, or *ex post facto,* to defendant who suffered predicate conviction before effective date).

¶ 14 Because no constitutional law prohibits this prosecution for violating the registration requirements then in effect, I would reverse the district court and remand the case for trial.